Opinion filed December 1, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 1, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-03-00334-CV 

 

                                                    __________

 

              FRANK KAMASZ AND WIFE, IRENE KAMASZ, Appellants

 

                                                             V.

 

                                       LONE
STAR BANK, Appellee

 



 

                                         On
Appeal from the 333rd District Court

 

                                                          Harris
County, Texas

 

                                               Trial
Court Cause No. 2001-45007

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

Frank Kamasz and his wife, Irene, appeal from the
trial court=s order
granting Lone Star Bank=s
motion for summary judgment.  We affirm.








Kamasz met Jack Sheffield in 1970 when Sheffield
was a loan officer at Greens Bayou Bank. 
Kamasz began doing his banking business with Sheffield.   Sheffield changed employment and moved to
several different banks; and each time, Kamasz transferred his accounts to
Sheffield=s current
place of employment.  Kamasz eventually
moved his accounts to Lone Star Bank (the Bank) when Sheffield became employed
there. 

This case involves a dispute over a $51,000.00
note between Kamasz and the Bank entered into in February 1998.  The note was signed:  ABy
Kenneth R. Judice Pursuant to a Power of Attorney.@
The note was secured by a deed of trust upon commercial property owned by
Kamasz.  The Bank sent Kamasz a notice in
March 2001 that the note was in default and that, if he did not cure the
default, the Bank intended to foreclose on the deed of trust securing the note.  Subsequently, a foreclosure sale was set for
October 2, 2001.  

On August 31, 2001, Kamasz filed his original
petition alleging breach of fiduciary duty, fraud, and money had and
received.  Kamasz also sought a temporary
injunction preventing the foreclosure sale of the commercial property.  A hearing was held on the temporary
injunction on October 1, 2001.  The trial
court denied the temporary injunction. 
The foreclosure sale was held on October 2, 2001, and the Bank purchased
the property at the foreclosure sale for $10,000.00. 

The Bank filed its motion for summary judgment on
January 31, 2002, claiming that Kamasz=s
cause of action was moot because any dispute concerning the balance due on the
note became moot when the property securing the note was sold.  On March 8, 2002, Kamasz filed a supplemental
petition seeking a rescission of the $51,000.00 note and the deed of trust and
asking that  the foreclosure be declared
void.   Kamasz further sought a
declaratory judgment to determine the validity of the $51,000.00 note and deed
of trust.  The trial court granted the
Bank=s motion
for summary judgment on December 6, 2002.  
However, on February 14, 2003, the trial court granted Kamasz=s motion for new trial and set aside
its order granting the Bank=s
motion for summary judgment.  The trial
court noted on its order that the Bank would submit a Arevised
partial summary judgment order.@  The Bank then filed a motion for final
summary judgment and a motion for Ano
evidence summary judgment.@  The trial court granted the Bank=s motion for summary judgment, and
Kamasz appeals. 








In his first issue on appeal, Kamasz argues that
the trial court erred in granting the Bank=s
motion for summary judgment.  The rules
for reviewing a traditional summary judgment are well established.  The movant has the burden of showing that
there is no genuine issue of material fact and that it is entitled to judgment
as a matter of law.  In deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true.  Every reasonable inference is indulged in
favor of the nonmovant, and any doubts must be resolved in favor of the
nonmovant.  American Tobacco Company,
Inc. v. Grinnell, 951 S.W.2d 420 (Tex. 1997);  Nixon v. Mr. Property Management Company,
Inc., 690 S.W.2d 546, 548‑49 (Tex.1985).  Summary judgment is proper if the defendant
disproves at least one element of each of the plaintiff=s
claims or establishes all elements of an affirmative defense to each
claim.  American Tobacco Company, Inc.
v. Grinnell, supra;  Doe v. Boys
Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476‑77 (Tex.1995); Montgomery
v. Kennedy, 669 S.W.2d 309, 310‑11 (Tex.1984).

Kamasz specifically argues on appeal that the
trial court relied on evidence that was not properly before the court pursuant
to TEX.R.CIV.P. 166a(c), that there were material facts in dispute, that the
Bank did not negate at least one essential element of each of his causes of
action, and that the Bank did not address each cause of action.  

In his original petition, Kamasz brought three
causes of action.  In each cause, he
sought a detailed accounting of the amount of money, if any, he owed the bank;
and if he had overpaid the bank on his loans, he sought the excess money
paid.   As we have stated, Kamasz also
sought a temporary injunction preventing the sale of his commercial property
securing the loan with the Bank. The Bank presented summary judgment evidence
that Kamasz had a $51,000.00 note with the Bank secured by commercial
property.  The Bank also submitted as
summary judgment evidence an exhibit offered by Kamasz at the hearing on the temporary
injunction calculating the amount owed on the $51,000.00 note.  The summary judgment evidence established
that Kamasz owed at least $16,784.22 on the note.  The property securing the note was foreclosed
upon and sold for $10,000.00.








The $51,000.00 note made the subject of Kamasz=s claims for rescission of declaratory
judgment was signed by Kenneth R. Judice pursuant to a power of attorney.  Judice was an attorney who had previously represented
Kamasz on another matter.  Kamasz
contends that Judice breached a fiduciary duty owed to Kamasz by acting under a
power of attorney not intended for his use. 
Kamasz further contends that Judice owed a fiduciary duty to both Kamasz
and the Bank.  The Bank included in its
summary judgment evidence transcripts from the hearing on Kamasz=s motion for temporary injunction.  The transcripts show that Kamasz acknowledged
having a $51,000.00 note with the Bank secured by the commercial property.  Kamasz further acknowledged that he trusted
Sheffield in executing the $51,000.00 note. Sheffield=s
signature does not appear on the note or the deed of trust securing the
property.  In his testimony at the
temporary injunction hearing, Kamasz did not dispute the validity of the
$51,000.00 note.  The trial court
determined that the note was valid and that the commercial property securing
the note was foreclosed upon and sold. 
In its order granting the Bank=s
motion for summary judgment, the trial court found that Kamasz=s cause of action was moot. After
reviewing the summary judgment evidence, we find that the summary judgment
evidence properly before the court supported the entry of the summary judgment.

Kamasz also asserts that the Bank failed to point
out the elements to which there is no evidence. 
See TEX.R.CIV.P. 166a(i). 
The trial court granted the Bank=s
motion for summary judgment without reference to whether it was granted
pursuant to the provisions of TEX.R.CIV.P. 166a(b) or 166a(i).  We have not based our decision upon the Ano-evidence@
provision of Rule 166a(i) and do not need to address this issue on appeal.  Kamasz=s
first issue on appeal is overruled.

In his second issue on appeal, Kamasz argues that
the trial court erred in denying his motion for continuance.  We review the trial court=s denial of a motion for continuance of
a summary judgment hearing under an abuse of discretion standard.  Tenneco Inc. v. Enterprise Products
Company, 925 S.W.2d 640, 647 (Tex.1996); Villegas v. Carter, 711
S.W.2d 624 (Tex.1986).  A trial court
abuses its discretion in this context only if the record clearly demonstrates
that the denial was arbitrary and unreasonable. Finlan v. Dallas Independent
School District, 90 S.W.3d 395, 412 (Tex.App. ‑ Eastland 2002, pet=n den=d).

The Bank filed its motion for final summary
judgment on April 17, 2003.  The cause
was set for hearing on May 30, 2003.  On
April 4, 2003, Kamasz sent a letter to his attorney terminating the attorney=s representation in the matter.  The attorney filed a motion to withdraw with
the trial court on April 29, 2003.  In
his motion, the attorney set forth the date of the hearing on the Bank=s motion for final summary judgment and
the date the response to the motion was due. 
The trial court granted the motion to withdraw on May 19, 2003. 








The trial court had heard evidence in the matter,
had granted the Bank=s
first motion for summary judgment, and had granted Kamasz=s motion for new trial.  Kamasz=s
attorney withdrew at Kamasz=s
request.  Kamasz has not shown that the
trial court abused its discretion in denying his motion for continuance.  Kamasz=s
second issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 1, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of:  Wright,
C.J., and McCall, J.

W. G. Arnot, III, retired effective July 31, 2005 and is,
therefore, not participating.